## FORDYCE v. STONE.

STATUTE OF LIMITATIONS : *Damages caused by construction of railway. Action for, when barred.*

A cause of action for damages to a tract of land resulting from the building of a railroad over it, accrues immediately on the construction of the road, and the action is barred unless brought within three years thereafter.

APPEAL from *Ouachita* Circuit Court.

*B. F. Askew,* Circuit Judge.

*B. W. Johnson,* for appellant.

1. The claim being for damages, in the nature of trespass, was barred at the end of three years from the date of entry or building across said land.   *Mansf. Dig., sec.,* 4478, *clause* 2; 35 *Ark.,* 622; 16 *Id.,* 129; 24 *Id.,* 371.

*H. G. Bunn* and *M. M. Duffie,* for appellee.

The statute of limitations, if it runs at all, could only run, from the 29th of December, 1882, on which day the claim of Stone for damages was adjusted and decided between Stone and the citizens' committee of Camden, who was the agent of the R. R. Co., to procure the right of way. This adjustment was in writing, and the statute did not commence to run until this date, wnich was less than three years before suit.

BATTLE, J.  W. T. Stone, being the owner of land in Ouachita county, for the consideration of one dollar gave a right of way over it to the Texas and St. Louis Railway Company, only reserving his right to damages to improvements.   On the 15th of October, 1885, he commenced this action in the Ouachita Circuit Court, and alleged in his complaint, that, in the spring of the year 1885, the Texas and St. Louis Railway Company located and constructed its railway over it, and thereby damaged him in the sum of three hundred dollars, and asked for judgment therefor.   The defendant answered and pleaded, among other things, the three years statute of limitations in bar of his right of recovery. The evidence adduced in the trial sustained this allegation, showing that the railroad was located and constructed over his land in the spring of 1882.

Many questions are involved in this action, but it is only necessary to decide one of them, and that is the question.

Fordyce v. Stone.

raised by the plea of the statute of limitation.    Is this action barred?

The statute of limitations begins to run against all actions for damages caused by nuisances of a permanent character from the time they are created.    The reason of the rule is, the entire damage inflicted is of a permanent character, and goes to the entire destruction of the estate affected thereby, and is caused at the time the nuisance is created, is original, and may be at once fully compensated.    A fair illustration of nuisances of this character is, the building of a railroad over the land of an individual.    In that case the original act creating the nuisance at once produces all the damage that ever can result from the act, and destroys the land used for the right of way for all practical purposes, so that when it is built all the damage that can ever be effected thereby is consummated.    This fact is recognized by the statutes of this State in requiring railroad companies, in all cases where they fail to obtain, by agreement with the owner of lands through which their line of road is or may be located, the right of way over the same, to have the damages for such right of way assessed before they shall build their road over such land.    If this were not true railroad companies would be liable to be sued every day by every individual over whose lands they have built their roads without procuring the right of way by agreement, and disastrous results might follow.    *Troy v. The Cheshire Railroad Co.*, 23 *N. H.*, 83; *Wood on Limitations, p.* 371.

The complaint in this case alleges injury from the first construction of the railroad, and asks for judgment for the damages caused thereby.    The evidence shows, and it is alleged in the complaint, that it was constructed in the spring of 1882, more than three years before the commencement of this action.    The action is barred.    Reversed and remanded.